UNITED STATES DISTRICT COURT

Northern District of California

MATHEW D. HARNEY,

          Plaintiff(s),

  v.

SF POLICE DEPT.,

          Defendant(s).
_____/

No. C 08-05493 MEJ

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

       Plaintiff Mathew D. Harney filed the above-captioned matter on December 8, 2008, as well as an application to proceed in forma pauperis. On January 7, 2009, the Court granted Plaintiff's application, (Dkt. #7), and thereafter the Clerk of Court requested that Plaintiff provide Defendants' addresses for service of the summons and complaint. (Dkt. #8.) As Plaintiff failed to respond to the Clerk's request, the Court ordered him to show cause why this case should not be dismissed for failure to prosecute. The Court ordered Plaintiff to file a declaration by March 26, 2009, and scheduled a hearing on April 9, 2009. (Dkt. #9.)

       Although Plaintiff did not file a declaration as ordered, he did appear at the April 9 hearing. Based on discussions at the hearing, the Court granted him a second opportunity to comply and ordered him to provide the Clerk with the current address for each defendant named in his complaint by April 16, 2009. Plaintiff, again, failed to comply with this Order. However, on April 30, 2009, the Court permitted Plaintiff a final opportunity to comply with this procedural requirement and ordered him to provide the Clerk with the addresses by May 14, 2009. (Dkt. #12.) The Court warned Plaintiff that failure to comply with the May 14 Order would result in the dismissal of his complaint for failure to prosecute.

      As of today's date, Plaintiff has failed to provide the defendants' addresses. Based on this

procedural history, the Court finds it appropriate to dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). Here, Plaintiff has failed to comply with multiple Court orders and deadlines. While public policy favors disposition of cases on their merits, such a disposition is not possible in this case, where the plaintiff will not even provide the defendants' addresses for service. Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, the Court hereby DISMISSES this case for failure to prosecute and failure to comply with the Court's deadlines and orders. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2009

_____
Maria-Elena James
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MATHEW D. HARNEY,

        Plaintiff,

  v.

SF POLICE DEPT.,

        Defendant.

Case Number: 08-05493 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 25, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mathew Douglas Harney
290 Divisadero Street
San Francisco, CA 94117

Dated: June 25, 2009

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

3